UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULINE ROCKE,<br><br>              *Plaintiff*,<br><br>- against -<br><br>CONEY ISLAND HOSPITAL; WOODHULL HOSPITAL; MERRY LAND CLINIC,<br><br>              *Defendants*. | **MEMORANDUM & ORDER**<br>25-cv-00983 (NCM) (JRC) |
| PAULINE ROCKE,<br><br>              *Plaintiff*,<br><br>- against -<br><br>PAULINA RODRICUS; NADER SHEHATA; CINDY VILLAN; PSA 1,<br><br>              *Defendants*. | 25-cv-00986 (NCM) (JRC) |

**NATASHA C. MERLE,** United States District Judge:

*Pro se* plaintiff Pauline Rocke filed the above-captioned complaints. The complaints are consolidated solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, the complaints are **DISMISSED**.

## BACKGROUND

Both submitted on February 20, 2025, these are plaintiff's seventh and eighth actions[1] in this Court. None of her prior submissions have provided a viable federal claim, nor have they lent clarity to the basis or bases for her claims. Like her prior complaints,

---

[1] *Rocke v. Hettleman et al,* 24-cv-05874 (NCM) ("*Rocke I*"); *Rocke v. Hettleman et al,* 24-cv-05961 (NCM) ("*Rocke II*"); *Rocke v. Turbow,* 24-cv-06041 (NCM) ("*Rocke III*"); *Rocke v. USA et al,* 25-cv-00040 (NCM) ("*Rocke IV*"); *Rocke v. PSA1 ACS et al,* 25-cv-00625 (NCM) ("*Rocke V*"); *Rocke v. Coney Island Hospital EMT,* 25-cv-00627 (NCM) ("*Rocke VI*").

1

the instant complaints, to the extent they are comprehensible, appear to concern her emergency mental health care treatment and allegedly fabricated conditions that led to the removal of her child from her custody. Both complaints are largely incomprehensible and do not tie any of the defendants to a claim.

In *Rocke v. Coney Island Hospital,* 25-cv-00983 (NCM) ("*Rocke VII*"), in response to the form complaint's prompt in the "Statement of Claim" section to "[w]rite a short and plain statement of the claim" and to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights," plaintiff writes the following (in its entirety and without alteration): "now about poison look away impartial treatment because of rumor prejury judgement of my case hear my side." *Rocke VII*, ECF No. 1 at 5. And in response to the prompt in the "Relief" section to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order," plaintiff writes (in its entirety and without alteration): "wrongfully misleading info put in hosptial say to the set up keep money laundering attack me but because my have hiv no care im sick with hiv inhuman treatment of rumor." *Rocke VII*, ECF No. 1 at 6.

In *Rocke v. ACS,* 25-cv-00986 (NCM) ("*Rocke VIII*"), the entirety of plaintiff's statement of claim is:

> To guartees the right to a grand jury for bid double jeopardy ant protect against self incrimination because I have false info withheld mislead in care jeopardize my case my housing my kids care remove my son misleading info force me in hosptial no mental health overdose by my family so see if upset up keep money laundering Declaration without distinction factor

*Rocke VIII*, ECF No. 1 at 5.

The relief she seeks from the court is similarly incomprehensible:

> Racial indoctrination because assumption have me look at crazy so because wat people say Aids status inhuman treatment because or premeditated on Dec 12 23 my son

2

> kidding napping in police office give my son the father after
> good samaritan say take my baby

*Rocke VIII*, ECF No. 1 at 6.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the

---

[2]   Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id*.

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's claims against each defendant because, even construed liberally, they fail to meet Rule 8's minimal pleading requirements. Plaintiff's complaints fail to comply with Rule 8's requirement that plaintiff provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. As with her prior actions, plaintiff appears to seek relief from individuals and entities who were involved in her healthcare and hospitalization, but her complaints do not suggest a basis for relief or whether such relief is within this Court's power to consider. Thus, even liberally construing the complaints in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Plaintiff's complaints are therefore dismissed.

The Court has considered affording plaintiff an opportunity to amend the complaints. However, given her litigation history and because the complaints' defects are unlikely to be cured by amendment, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

## CONCLUSION

For the reasons stated above, the actions are dismissed because the complaints fail to comply with Rule 8 of the Federal Rules of Civil Procedure and fail to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close each case, mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

                                              /s/ Natasha C. Merle
                                              NATASHA C. MERLE
                                              United States District Judge

Dated:       May 2, 2025
                Brooklyn, New York